NO. 07-07-0195-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 13, 2007

______________________________

IN RE GREGORY BANISTER

_________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON PETITION FOR WRIT OF MANDAMUS

By an amended petition,
(footnote: 1) relator Gregory Banister requests issuance of mandamus directing the District Clerk of Lamb County to provide him, apparently without cost, a copy of “the entire file, transcripts, plea agreements, and other pertinent data for the subject cause #3900” for his use in preparation of a petition for a writ of certiorari to be filed in the United States Supreme Court.  We dismiss the mandamus petition for want of jurisdiction.

This court has authority to issue writs of mandamus against district and county court judges within our court of appeals district.  Tex. Gov’t Code Ann. § 22.221(b) (Vernon 2004).  Otherwise, our authority to issue such a writ exists only to the extent necessary to enforce our jurisdiction.  
Id.
 at § 22.221(a).  

The trial court cause to which relator refers in his petition, no. 3900 in the 154
th
 District Court of Lamb County, is the cause in which relator was convicted of aggravated assault and sentenced to punishment including thirty years confinement.  This court affirmed the trial court’s judgment on appeal, in our cause number 07-04-0479-CR, by an opinion and judgment issued September 29, 2006. We denied his motion for rehearing on November 6, 2006.  The Court of Criminal Appeals refused relator’s petition for discretionary review.  

Relator’s mandamus petition does not claim, nor does it appear, that his petition seeks relief designed to enforce this court’s jurisdiction.  In circumstances similar to those presented here, this court generally has construed its writ authority under section 22.221(a) to apply only when the relief sought implicates a pending appeal.  
See, e.g., In re Jackson
, No. 07-03-0372-CV, 2003 WL 22047701 (Tex.App.–Amarillo September 2, 2003, orig. proceeding).  We conclude the relief relator seeks here against the district clerk lies outside our writ authority.  Accordingly, relator’s petition seeking a writ of mandamus is dismissed for want of jurisdiction.
(footnote: 2)  

James T. Campbell

          Justice

FOOTNOTES
1: Relator’s amended petition, filed June 8, 2007, seeks the same relief as his original petition for mandamus, filed May 9, 2007.  

2: We note also that, in response to our notice that he failed to accompany his petition with the required filing fee, relator submitted a completed “application to proceed in forma pauperis” printed for use by litigants in federal court.  The information contained in the application does not meet the requirements of Rule 20 of the Texas Rules of Appellate Procedure.